IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-432-GPM |
| | ) |
| JOHN DOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, a prisoner at the Cook County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary relief for alleged violations of his rights under the Eighth Amendment. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff alleges that on June 11, 2007, while he was being transported in an Illinois Department of Corrections ("IDOC") bus, a truck with an oversized load attempted to pass the bus on Illinois Route 154 near Sesson Road. During this maneuver, the truck pulled down a live power line onto the IDOC bus. As a result, the driver of the IDOC bus slammed on its brakes allegedly causing Plaintiff to be tossed about the passenger compartment of the bus while shackled and causing injury to Plaintiff's back. In addition to his injury claim, Plaintiff alleges that initial medical treatment for his injury was delayed and that the treatment that he finally received (2 Tylenol pills to relieve his pain) was inadequate. Finally, Plaintiff alleges that he has received inadequate follow-up care for his back injury. In this action, Plaintiff seeks relief against the owner of the truck, which is alleged to be C & M Pilot Car Inc., ("Pilot Car"),[1] the driver of the truck, and the IDOC.

**DISCUSSION**

Plaintiff's § 1983 claims against all Defendants should be dismissed. First, neither Pilot Car nor its driver are state actors for purposes of § 1983. Second, the IDOC is immune from § 1983 liability under the Eleventh Amendment." *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana*

---

[1] Plaintiff named as Defendant "C & M Pilot Car Inc. Owner John Doe." Because Plaintiff is a prisoner proceeding *pro se*, the Court does not read the complaint as seeking relief against the owner (or owners) of "C & M Pilot Car Inc." who would be its shareholder (or shareholders). Instead, the Court reads the complaint as attempting to assert a claim against the owner of the *truck* - which appears to be "C & M Pilot Car Inc." Therefore, the Court will substitute "C & M Pilot Car Inc." for " C & M Pilot Car Inc. Owner John Doe" as a Defendant in this action.

*Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Furthermore, the IDOC is not vicariously liable for the alleged unconstitutional acts of its employees because the doctrine of *respondeat superior* does not apply in § 1983 actions. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Consequently, Plaintiff's § 1983 claims should be dismissed. This dismissal includes Plaintiff's claims for delayed medical treatment and inadequate follow-up medical care.

The facts alleged in the complaint, however, do state a claim for state law negligence against Pilot Car and its driver for causing the accident which led to Plaintiff's injuries. The issue confronting the Court is whether Plaintiff has alleged enough facts to establish that this Court has subject matter jurisdiction over this state law negligence claim. If not, then this Court may not entertain Plaintiff's suit and Plaintiff's alternative is to pursue his state law negligence claims in the appropriate state court.

This Court has subject matter jurisdiction to entertain Plaintiff's state law negligence claim only pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). As relevant to this case, jurisdiction will exist under § 1332 if the amount in controversy exceeds $75,000 and there is complete diversity of state citizenship between Plaintiff and each Defendant. *See* 28 U.S.C. § 1332(a). It is Plaintiff's burden to allege sufficient facts indicating that this Court has subject matter jurisdiction over his claim otherwise his complaint is defective. *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir.

1996).

In this case, Plaintiff seeks in excess of $1 million for his pain and emotional distress. Plaintiff, however, fails to allege facts from which the Court can conclude that there is complete diversity of citizenship between Plaintiff and each Defendant. First, Plaintiff has not alleged his own state citizenship. Although Plaintiff is currently detained in Illinois, it does not follow that he is a *citizen* of the State of Illinois. For purposes of § 1332, a prisoner's domicile (and, thus, his citizenship) is presumed to be the state in which he was domiciled prior to his incarceration unless he expresses a desire to live elsewhere after he is released. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). In this case, it is unclear where Plaintiff maintained his domicile prior to his incarceration or whether Plaintiff intends to remain in that state after his release. Furthermore, Plaintiff has failed to allege the domicile (and, thus, citizenship) of each defendant. Therefore, Plaintiff has failed to allege facts indicating that this Court has subject matter jurisdiction over his state law tort claims.

Because these pleading defects are curable, Plaintiff should be afforded the opportunity to amend his complaint before it is dismissed.

## DISPOSITION

**IT IS HEREBY ORDERED** that "C & M Pilot Car Inc." is substituted for "John Doe owner C & M Pilot Car Inc." as a Defendant in this action.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant Illinois Department of Corrections are **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claims against Defendants C & M Pilot Car Inc. and "John Doe (Driver C & M Pilot Car Inc.)" are **DISMISSED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall file an amended complaint asserting sufficient facts establishing that this Court has subject matter jurisdiction over his claims.

**IT IS FURTHER ORDERED** that if, within the time specified, Plaintiff fails to file an amended complaint asserting sufficient facts establishing that this Court has subject matter jurisdiction over Plaintiff's claims, then the instant complaint will be dismissed.

**IT IS SO ORDERED.**

DATED: 08/8/2008

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge