**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| ANTHONY TURNER, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-432-GPM |
| | ) |
| JOHN DOE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

After a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff, a prisoner at the Cook County Jail, was directed to file an amended complaint. *See* (Doc. 6). Plaintiff has filed a document which he has titled "amended complaint." *See* (Doc. 7). Accordingly, this matter is before the Court for a preliminary review of the amended complaint pursuant to § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE AMENDED COMPLAINT**

At the outset, the Court notes that an amended complaint replaces the original complaint thereby rendering the original complaint void. *See Flannery v. Recording Indus. Assoc. Of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004); *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961). The instant amended complaint, however, makes little sense without incorporating some of the fact allegations contained in the original complaint. Consequently, the Court reiterates some of the allegations from the original complaint in this Memorandum and Order solely for the purpose of making its decision clearer.

In the original complaint, Plaintiff alleged that on June 11, 2007, while he was being transported on an Illinois Department of Corrections ("IDOC") bus, a truck with an oversized load attempted to pass the IDOC bus on Illinois Route 154. During this maneuver, the truck pulled down a live power line onto the IDOC bus. As a result, the driver of the IDOC bus slammed on its brakes allegedly causing Plaintiff to be tossed about the passenger compartment of the bus which caused an injury to Plaintiff's back. In addition to his injury claim, Plaintiff alleged that initial medical treatment for his injury was delayed and that the treatment that he finally received (2 Tylenol pills to relieve his pain) was inadequate. Finally, Plaintiff alleged that he has received inadequate follow-up care for his back injury. In his original complaint, Plaintiff sought relief against the owner of the truck, which was alleged to be C & M Pilot Car Inc., ("Pilot Car"),[1] the driver of the truck, and the

---

[1] Plaintiff named as Defendant "C & M Pilot Car Inc. Owner John Doe." Because Plaintiff is a prisoner proceeding *pro se*, the Court did not read the complaint as seeking relief against the owner (or owners) of "C & M Pilot Car Inc." who would be its shareholder (or

IDOC.

In his amended complaint, Plaintiff asserts that he is a citizen of the State of Illinois, because he lived in Illinois prior to his incarceration and because he intends to remain in Illinois when released from confinement. Plaintiff further alleges that he has been denied adequate medical treatment for the injuries he sustained by Dr. C. Al Fez, a doctor at the Cook County Jail. Finally, Plaintiff seeks to add additional defendants Runge, McKinze, Flowers, and Davenport because they were "present during the accident."

**DISCUSSION**

In a prior Memorandum and Order (Doc. #6), the Court dismissed Plaintiff's § 1983 claims against all Defendants pursuant to 28 U.S.C. § 1915A. This Court found that neither Pilot Car nor its driver are state actors for purposes of § 1983. Additionally, this Court held that the IDOC is immune from § 1983 liability under the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). The Court also held that the IDOC is not vicariously liable for the alleged unconstitutional acts of its employees because the doctrine of *respondeat superior* does not apply

---

shareholders). Instead, the Court read the complaint as attempting to assert a claim against the owner of the *truck* - which appears to be "C & M Pilot Car Inc." Therefore, the Court substituted "C & M Pilot Car Inc." for " C & M Pilot Car Inc. Owner John Doe" as a Defendant in this action.

in § 1983 actions. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). The dismissal included Plaintiff's claims for delayed medical treatment and inadequate follow-up medical care.

In the amended complaint, it appears that Plaintiff is attempting to resurrect his § 1983 claims for delayed medical treatment and inadequate follow-up care. Specifically, Plaintiff alleges that "Officers Runge, McKinze, M. Flowers, and L.J. Davenport are all employees of Pinckneyville C.C. and all of them was [sic] present during the accident." Additionally, Plaintiff alleges:

> Due to this accident I'm in need of therapy for my back pain but since I'm incarcerated I'm not capable of receiving the proper medical attention . . . I constantly go see Dr. C. Al Fez here at Cook County Dept. of Corrections . . . and he has been prescribing me Ibuprofen 600mg and Methocarbamol 750mg for pain and back spasms.

These allegations, however, are insufficient to resurrect Plaintiff's § 1983 claims. To be held individually liable for a violation of § 1983, a defendant must be personally responsible for the deprivation of a constitutional right. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Taking the amended complaint completely by itself, an allegation that Runge, McKinze, Flowers, and Davenport were "present during the accident" does not state a § 1983 claim. The amended complaint only refers to an unspecified accident (no date, place or type of accident is alleged) and that plaintiff suffered injuries from it. There are no fact allegations indicating how these individuals directly and personally caused Plaintiff's alleged back injuries. Even when viewed in the context of the allegations of the original complaint, the mere presence of these individuals "during the [bus] accident" is not a sufficient basis for holding these individuals liable for violating Plaintiff's

constitutional rights. Indeed, the Court is left to completely guess not only what each of these defendants are alleged to have done to Plaintiff (failure to adequately secure him in the bus prior to the crash? failure to provide adequate medical care following the crash?), but which constitutional rights Plaintiff asserts that these specific individuals violated. Finally, the amended complaint does not make a claim for relief against these individuals as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure.

With regard to Dr. C. Al Fez, Plaintiff alleges that this individual has provided him medical care by prescribing pain medication and other medicine for his back problems. Plaintiff believes that he requires more treatment. Mere disagreement with a physician's chosen course of an inmate's medical treatment, however, does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). And, again, the amended complaint does not make a claim for relief against these individuals as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure. Therefore, all of Plaintiff's § 1983 claims should be dismissed.

As noted in the prior Order, the facts alleged in the original complaint stated a claim for state law negligence against Pilot Car and its driver for causing the accident which led to Plaintiff's injuries. In the prior Order, however, this Court determined that Plaintiff had failed in his obligation to allege sufficient facts indicating that this Court has subject matter jurisdiction over his state law tort claims. Specifically, Plaintiff failed to allege facts from which the Court could conclude that there is complete diversity of citizenship between Plaintiff and each Defendant.

In the amended complaint, Plaintiff alleges facts indicating that he is a citizen of the State of Illinois. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (for purposes of diversity

jurisdiction, a prisoner's domicile and, thus, his citizenship, is presumed to be the state in which he was domiciled prior to his incarceration unless he expresses a desire to live elsewhere after he is released). Plaintiff, though, still has not alleged facts indicating the domicile (and, thus, citizenship) of each Defendant. Therefore, Plaintiff has failed to allege facts indicating that this Court has subject matter jurisdiction over his state law tort claims.

In the prior Order, this Court warned Plaintiff that his failure to file an amended complaint asserting sufficient facts establishing that this Court has subject matter jurisdiction over his claims would result in a dismissal of this action. The amended complaint - like the original complaint - is defective and, therefore, this action should be dismissed.

## DISPOSITION

**IT IS HEREBY ORDERED** that this civil action is **DISMISSED,** with prejudice, for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and for failing to allege facts establishing that this Court has subject matter jurisdiction over Plaintiff's state law tort claims**.** This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 09/16/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge